UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE UGARTE,<br><br>    Petitioner,<br><br>v.<br><br>CHARLES GREEN,<br><br>    Respondent. | Civil Action No. 17-1436 (SRC)<br><br><br>MEMORANDUM OPINION |

## I. INTRODUCTION

This matter has been opened to the Court by Petitioner's filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his prolonged detention. For the reasons explained in this Memorandum Opinion, the Court will deny the petition without prejudice to Petitioner's filing of a new petition to the extent he can show that there is no significant likelihood of his removal in the reasonably foreseeable future <u>and</u> that he is cooperating with the Department of Homeland Security in obtaining necessary travel documents.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background is taken from Respondent's answer to the Petition, to which Petitioner has not responded. Petitioner, a native and citizen of Peru, was admitted to the United States on April 27, 1989 as a lawful permanent resident. (*See* Exhibit B - Oral Decision of the Immigration Judge, dated July 19, 2016 at 1-2.3) This is the second removal proceeding involving the Petitioner. (*See* Exhibit C - Memorandum of the Court's Decision.) On October 7, 2014, Petitioner was granted cancellation of removal in the prior removal proceeding. (*Id.*)

Subsequent to the grant of cancellation of removal in October 2014, Petitioner was convicted of two additional shoplifting/theft related offenses on December 1, 2014 and May 22, 2015, respectively. (*See* Exhibit D – Notice to Appear at 3-4.4)

On August 2015, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Petitioner with removability pursuant to section 237(a)(2)(A)(ii) of the INA; 8 U.S.C. § 1227(a)(2)(A)(ii), as well as a Warrant for Arrest of Alien which was executed on December 14, 2015. (*See* Exhibit D – Notice to Appear; *see also* Exhibit E – Warrant for Arrest of Alien.) Upon execution of the warrant, DHS took Petitioner into mandatory custody pursuant to Section 236(c) of the INA, 8 U.S.C. § 1226(c). (*See* Exhibit F – Notice of Custody Determination.) Petitioner appealed the determination and, on December 29, 2015, Immigration Judge Dorothy Harbeck issued an order taking "no action" on Petitioner's request for a change in custody. (*See* Exhibit G - Order of the Immigration Judge with Respect to Custody.)

On July 19, 2016, Petitioner appeared at a merits hearing pro se, and admitted his convictions for two shoplifting/theft offenses on December 1, 2014 and May 22, 2015 respectively. (*See* Exhibit A, at 1-3.) Petitioner also acknowledged he was previously granted cancellation of removal in an earlier removal proceeding. (*Id.*) Immigration Judge Daniel A. Morris denied the application for cancellation of removal and ordered Petitioner removed to Peru. (*Id.*) Petitioner filed a timely appeal with the Board, which was dismissed on November 4, 2016. (*See* Exhibit A- Decision of the Board.) On December 5, 2016, Petitioner filed a petition for review with the United States Court of Appeals for the Third Circuit, but did not initially seek a stay of removal. *See Ugarte v. Attorney General*, No. 16-4255 (3d Cir. 2016).

Petitioner filed this habeas action on February 28, 2017. (ECF No. 1). On March 8, 2017, the Court directed Respondent to answer the petition. (ECF No. 2.) On April 24, 2017,

the government filed its Answer. (ECF No. 3.) Petitioner did file a reply or otherwise respond to the government's arguments.

On June 5, 2017, the Third Circuit denied Petitioner's petition for review. (*See id.* at Dkt. Nos. 3-4.) In denying the petition for review, the Third Circuit found that Petitioner's prior grant of cancellation rendered him statutorily ineligible to be granted cancellation again. (*Id.* at Dkt. No. 3, at 2 (citing 8 U.S.C. § 1229b(c)(6); *Taveras v. Att'y Gen.*, 731 F.3d 281, 283 n.2 (3d Cir. 2013).) It also rejected Plaintiff's sole ground for relief – that Petitioner would have applied for a type of relief other than cancellation if the immigration judge had informed him that he was ineligible for cancellation of removal – for lack of jurisdiction, as Petitioner did not raise this issue below. (*Id.* at 4.) On June 22, 2017, Petitioner filed a motion for a stay of removal with the Third Circuit, which was denied on July 5, 2017. (*Id.* at Dkt. Nos. 5-6.) Petitioner subsequently sought reconsideration of the July 5, 2017 Order denying the stay, which was denied on July 21, 2017. (*Id.* at Dkt. Nos. 7-8.) On July 27, 2017, the Third Circuit issued its Mandate. (*Id.* at Dkt. No. 9.)

### III. ANALYSIS

Petitioner is currently subject to a final order of removal and his detention is governed by section 241(a)(1)(C) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1231(a)(1)(C) (concerning post removal order detention). Section 1231(a) requires the Government to detain an alien during the ninety-day removal period following a final order of removal. 8 U.S.C. § 1231(a)(2); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Removable aliens may be detained beyond that ninety-day period as long as "reasonably necessary" to effectuate the alien's removal. *Zadvydas*, 533 U.S. at 689, 699. In *Zadvydas v. Davis*, the Supreme Court established a period of six months from the date the order of removal becomes

final as a presumptively reasonable time in which to effectuate an alien's removal. *Id.* at 701. Under 8 U.S.C. § 1231(a)(1)(B) "[t]he removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C.A. § 1231 (West). After the six month period has elapsed, the alien must show that there is "no significant likelihood of removal in the reasonably foreseeable future" in order to merit habeas relief. *See id.* If the alien makes such a showing, the Government "must respond with evidence sufficient to rebut that showing." *Id.* As explained by the Supreme Court, "[t]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id. See also Concepcion v. Aviles*, No. CIV.A. 15-2053 SDW, 2015 WL 3794776, at *3 (D.N.J. June 17, 2015).

Petitioner's custody in post order detention began on November 4, 2016, when the Board of Immigration Appeals ("Board") dismissed his administrative appeal. (*See* Exhibit A – Board Order.) Because the Third Circuit did not enter a stay of removal during the pendency of Petitioner's appeal, it appears that Petitioner remained under a final order of removal while his petition for review was pending.

Although Petitioner has now been in post order detention for slightly over a year, the Petition in this case does not address whether there exists a "significant likelihood of removal in the reasonably foreseeable future." Petitioner thus fails to meet his initial burden of proof under *Zadvydas*, and he has not filed a reply addressing the likelihood of his removal.

Furthermore, Respondent states in the answer that Petitioner has refused to cooperate in obtaining travel documents from Peru (*see* Declaration of DO Cody; see also Exhibit I – Warning for Failure to Depart), and Petitioner has not replied to this allegation. Respondent argues that Petitioner's failure to comply with 8 U.S.C. § 1231(a)(1)(C) to "make timely application in good faith to obtain travel . . . documents" effectively results in a tolling of the presumptively reasonable period enunciated in *Zadvydas*. Numerous courts in this District have held that a detainee's failure to cooperate in obtaining travel documents precludes a finding that his or her removal is not reasonably foreseeable. *See Conceicao v. Holder*, No. 12–4668, 2013 WL 1121373, at *3 (D.N.J. Mar.13, 2013) ("[W]here Petitioner is refusing to sign the necessary travel documents, he has failed to cooperate in his removal and has failed, in this Court, to establish that there is no likelihood of his removal in the reasonably foreseeable future ."); *Diaz–Martin v. Holder*, No. 11–6692, 2012 WL 4661479, at *4–5 (D.N.J. Oct. 2, 2012) (finding that where petitioner failed to cooperate in his removal, he failed to establish that there is no likelihood of his removal in the reasonably foreseeable future); *Camara v. Gonzales*, No. 06–1568, 2007 WL 4322949, at *4 (D.N.J. Dec.6, 2007) (finding that petitioner failed to state a constitutional claim under *Zadvydas* due to his failure to cooperate with INS to obtain the necessary travel documentation).

In his Petition, Petitioner claims he has substantial and bona fide claims against removal, specifically: cancellation of removal; and an allegedly pending application for a U-visa. (*See* Petition, at 8-14.) The Third Circuit, however, has denied Petitioner's petition for review, finding that Petitioner is ineligible for cancellation of removal because he was granted cancellation of removal in a prior proceeding and rejecting his other ground for lack of jurisdiction. Finally, review by DHS United States Customs and Immigration Services failed to

reveal an application for a U-visa in Petitioner's name. (*See* Declaration of DO Cody; see also Exhibit J – email correspondence between DO Cody and the DHS Vermont Service Center, verifying no application for a U visa has been submitted on Petitioner's behalf.)

Based on these facts, the Court finds that Petitioner has not shown that there is no significant likelihood of his removal in the reasonably foreseeable future, and will deny the Petition without prejudice at this time. To the extent Petitioner can make the showing that there is no significant likelihood of his removal in the reasonably foreseeable future, <u>and</u> can demonstrate that he is cooperating with DHS in obtaining travel documents, he may file a new petition for habeas corpus. An appropriate Order follows.

STANLEY R. CHESLER
United States District Judge